UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANDRE NANCE,

    Plaintiff,

v.

SCO. FRANCIS DANLEY *et al.*,

    Defendants.

Civ. No. 17-6409 (FLW) (LHG)

**MEMORANDUM OPINION**

**FREDA L. WOLFSON, U.S.D.J.**

## I.    INTRODUCTION

Plaintiff Andre Nance ("Nance" or "Plaintiff") is a state prisoner incarcerated at New Jersey State Prison, in Trenton, New Jersey. He is proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983. Presently before the Court is a motion to dismiss the proceeding under Federal Rule of Civil Procedure 12(b)(6), filed by defendants SCO. Francis Danley, SCO. Richard DeFazio, and Sgt. Sean Patterson (collectively, "the Moving Defendants"). (ECF No. 13.) For the following reasons, the motion is denied without prejudice to the Moving Defendants raising the same arguments in a properly filed motion for summary judgment.

## II.    BACKGROUND AND MOTION

In early 2017, Nance filed a complaint with the Superior Court of New Jersey, Law Division, Mercer County, asserting claims against the Moving Defendants and "SCO Daniel" for violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment and for assault and battery under New Jersey tort law. (*See* Notice of Removal, Ex. A, Compl., ECF No. 1-1.)

Nance alleged that the defendants "and other rogue correctional officers" had beaten him in his cell with no provocation. (*See id.* ¶¶ 10–19.)

The action was removed to this Court on August 25, 2017, and, in the following weeks, the Moving Defendants filed their answers to the Complaint. (*See* ECF Nos. 1–4.) With the defendants' consent, Nance filed an Amended Complaint on December 7, 2017, which replaced defendant SCO Daniel, whom Nance had apparently misidentified, with SCO. Brian Perkins and also added as a defendant SCO. Jonathan Warren. (ECF No. 8.) The Moving Defendants filed an Answer to the Amended Complaint on January 3, 2018. (ECF No. 10.)

Thereafter, the Moving Defendants filed the instant motion, seeking dismissal of the Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) The Moving Defendants argue that Nance's tort claims must be dismissed for his failure to comply with the notice requirement of the New Jersey Tort Claims Act.[1] (Br. on Behalf of Defs., ECF No. 13-1, at 5–7.) Specifically, they contend that Nance filed a late notice of tort claim and was informed that it could not be accepted without judicial leave to file a late claim. (*Id.* at 6.) For support, the Moving Defendants include as exhibits Nance's notice of tort claim and a letter from the Division of Risk Management. (Mot., Ex. A, ECF No. 13-2.) The Moving Defendants contend that they "are unable to locate any order providing Plaintiff with permission to file a late claim." (ECF No. 13-1 at 6–7.)

The Moving Defendants also contend that Nance's constitutional claims must be dismissed under *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on Nance's claims would invalidate a finding that Nance was guilty of a prison disciplinary charge arising from the

---

[1] The New Jersey Tort Claims Act requires that a person seeking to assert tort claims against a public entity or public employee first file a notice of claim with the proper entity within 90 days of the claim's accrual. *See* N.J. Stat. Ann. § 59:8-8; *see also Johnson v. United States*, 469 F. App'x 79, 81 (3d Cir. 2012). *See generally* N.J. Stat. Ann. §§ 59:8-1 through 59:8-11.

same incident. (*Id.* at 7–9.) In support of this argument, the Moving Defendants explain that Nance was found guilty of assaulting or attempting to assault any person based on a determination by a disciplinary hearing officer that Nance had "turned aggressively toward an officer + swung a closed fist at him." (*Id.* at 8–9 (internal quotation marks omitted).) The Moving Defendants include as exhibits defendant Danley's disciplinary report concerning this incident and an adjudication form indicating a hearing officer's finding that Nance was guilty of a disciplinary infraction. (Mot., Ex. B, ECF No. 13-3.)

### III. ANALYSIS

The Moving Defendants' dismissal motion is procedurally defective on two grounds, and, accordingly, is denied. First, the motion is not properly made under Rule 12(b). Under that rule, a motion to dismiss "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b); *see also Visintine v. Zickefoose*, Civ. A. No. 11-4678 (RMB), 2012 WL 6691783, at *1 (D.N.J. Dec. 21, 2012). Here, the Moving Defendants filed their motion on February 9, 2018—over a month *after* they had filed an Answer to the Amended Complaint, on January 3, 2018. (*See* ECF Nos. 10 & 13.) Furthermore, the motion cannot be construed as a proper motion for judgment on the pleadings, under Rule 12(c), because such a motion may only be filed "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c); *see also Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 320–21 (3d Cir. 2015); *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 253 n.1 (3d Cir. 2004). Here, the pleadings have not been closed, as the Amended Complaint impleaded two defendants (Perkins and Warren) who have not filed responsive pleadings. *See Medina v. Cumberland Cty.*, Civ. A. No. 11-905 (JEI/JS), 2011 WL 1750738, at *1 n.2 (D.N.J. May 3, 2011). Accordingly, the Moving Defendants' motion is procedurally defective.

Second, even if the Court were to apply the Rule 12(b)(6) standard, relief could still not be granted. In resolving a Rule 12(b)(6) motion, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted); *see also Zimmerman v. Corbett*, 873 F.3d 414, 417–18 (3d Cir. 2017), *cert. denied* 138 S. Ct. 2623 (2018). "As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings."[2] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *see also Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016).

The Moving Defendants' arguments rely entirely on evidence extraneous to the Amended Complaint. They argue that Nance's tort claims are barred by his late filing of a notice of claim, which they seek to prove by submitting a copy of the notice of claim and an unsigned copy of a letter in response to the notice. (*See* ECF No. 13-2.) While acknowledging that it is possible for a plaintiff to obtain leave to file a late notice of tort claim, the Moving Defendants merely assert, in their motion brief, that they are "unable to locate any order providing Plaintiff with permission to file a late claim." (*See* ECF No.13-1 at 6–7.) The Moving Defendants' other contention, that *Heck* requires dismissal of Nance's constitutional claims in light of a disciplinary adjudication against him, depends entirely on a record outside of the pleadings, namely a copy of that adjudication. (*Se* ECF No. 13-3.)

While certain exceptions permit considering extrinsic documents, the motion exhibits filed here do not qualify. A document may be considered in this context if it is "'*integral to or*

---

[2] Even were the Court to consider this as a motion under Rule 12(c), the applicable legal standard would remain the same. *See Zimmerman*, 873 F.3d at 417 ("A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion." (internal quotation marks omitted)).

*explicitly relied* upon in the complaint.'" *In re Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)); *see also Fallon v. Mercy Catholic Med. Ctr.*, 877 F.3d 487, 493 (3d Cir. 2017). The exhibits submitted by the Moving Defendants were not mentioned, much less "integral to or explicitly relied upon," in Nance's Amended Complaint. (*See* ECF No. 8.) While the Amended Complaint mentions in passing that disciplinary charges were filed against Nance in connection with the underlying events, (ECF No. 8 ¶ 22), it includes no reference to their adjudication, and this fact is hardly integral to Nance's claim. Although documents that are "public records" may also be considered on a dismissal motion, that category includes criminal case dispositions, letter decisions of government agencies, and published administrative reports, but does not apply to every document that might potentially be obtained by a statutory request for documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1197 (3d Cir. 1993); *see also Berry v. Klem*, 283 F. App'x 1, 3–4 (3d Cir. 2008); *see, e.g.*, *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 292–93 (3d Cir. 1999) ("The reasoning for distinguishing between other recognized public documents and information obtained through the Freedom of Information Act is that the public does not have unqualified access to these documents . . . ."). Accordingly, the documents submitted by the Moving Defendants will not be considered as public records in resolving this motion.

Under Rule 12(d), a motion that presents "matters outside the pleadings" may be converted a motion for summary judgment under Rule 56, so long as all parties receive notice and an opportunity to present pertinent material. Fed. R. Civ. P. 12(d). The Court declines to exercise its discretion to convert this motion. *See Plumbers' Local Union No. 690 Health Plan v. Sanofi, S.A.*, Civ. No. 15-956 (KM) (MAH), 2016 WL 2757736, at *13 n.9 (D.N.J. May 11,

2016). Instead, as discovery in this case is on the verge of completion, the Court directs the Moving Defendants to reassert these arguments in a properly filed motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the Moving Defendants' motion for dismissal under Federal Rule of Civil Procedure 12(b)(6) is denied without prejudice to raising the same arguments in a properly filed motion for summary judgment.

DATED: September 26, 2018 /s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge