UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ANDRE NANCE,

    Plaintiff,

v.

SCO. FRANCIS DANLEY *et al.*,

    Defendants.

Civ. No. 17-6409 (FLW) (LHG)

**OPINION**

---

**FREDA L. WOLFSON, Chief Judge:**

## I. INTRODUCTION

Plaintiff Andre Nance ("Nance" or "Plaintiff") is proceeding *pro se* with this civil rights action filed under 42 U.S.C. § 1983. Presently before the Court is a motion by defendants SCO. Francis Danley ("Danley"), Sgt. Richard DeFazio ("DeFazio"), and Sgt. Sean Patterson ("Patterson") (collectively, "the Moving Defendants") for summary judgment, under Federal Rule of Civil Procedure 56. (ECF No. 37.) For the following reasons, summary judgment is granted to the Moving Defendants with regard to Nance's tort claims, but the remainder of the motion is terminated pending the Court's resolution of factual issues pertaining to the threshold issue of whether Nance properly exhausted administrative remedies with regard to his federal claims. The Court will direct the litigants to make supplemental filings on the issue of administrative exhaustion to permit the Court to resolve this outstanding issue. If the Court finds that Nance properly exhausted administrative remedies, the unresolved portions of the summary judgment motion will be reinstituted.

## II. BACKGROUND AND PROCEDURAL HISTORY

Nance is presently incarcerated at New Jersey State Prison ("NJSP"), in Trenton, New Jersey. On October 13, 2016, Nance began kicking the door to his cell. (Defs.' Statement of Material Facts Not in Dispute, ECF No. 37-2, ¶ 13 (hereinafter, "Defs.' Stmt."); *see also* Pl.'s Statement of Facts, ECF No. 40, at 2–3 (hereinafter "Pl.'s Stmt.").) The Moving Defendants, as well as Perkins, each of whom are corrections officers, approached Nance's cell because of the kicking. (Defs.' Stmt. ¶ 14; Pl.'s Stmt.) Patterson spoke briefly to Nance, and then one of the officers directed Nance to move to the back of his cell and to kneel. (Defs.' Stmt. ¶¶ 15–16; Pl.'s Stmt.) Nance complied with this order, moving to the back of his cell and kneeling down. (Defs.' Stmt. ¶ 17; Pl.'s Stmt.) The officers entered Nance's cell and, ultimately, the encounter resulted in the officers striking Nance multiple times and handcuffing him. (Defs.' Stmt. ¶ 20; Pl.'s Stmt.) Thereafter, Nance was taken to the prison medical clinic for treatment. (Defs.' Stmt. ¶¶ 22–24; Pl.'s Stmt.)

The central factual dispute in this case is what caused the defendant officers' use of force against Nance. Nance has alleged that the officers began hitting him with fists and batons almost immediately upon entering his cell and without any provocation, as he fully complied with their directives. (*See* Pl.'s Stmt.; *see also* Am. Comp., ECF No. 8.) The Moving Defendants, on the other hand, contend that, when they entered the cell, Nance attempted to assault Danley, and they allege that use of force ceased as soon as "handcuffs were applied and compliance was obtained." (Defs.' Stmt. ¶¶ 19–20.)

In early 2017, Nance filed a complaint with the Superior Court of New Jersey, Law Division, Mercer County, asserting claims against the Moving Defendants and an "SCO Daniel" for violation of the Cruel and Unusual Punishment Clause of the Eighth Amendment and for

2

assault and battery under New Jersey tort law. (*See* Notice of Removal, Ex. A, Compl., ECF No. 1-1.) Nance alleged a constitutional claim for excessive force under the Eighth Amendment and New Jersey tort claims for assault and battery. (*See id.* at 5–6.)

The action was removed to this Court on August 25, 2017, and, in the following weeks, the Moving Defendants answered to the Complaint. (*See* ECF Nos. 1–4.) With the Moving Defendants' consent, Nance filed an Amended Complaint on December 7, 2017, which replaced defendant SCO Daniel, whom Nance had apparently misidentified, with Perkins and also added defendant Warren. (ECF No. 8.) Despite adding these defendants to the caption, Nance has never provided the Court any indication that service of process was effected upon Perkins or Warren. The Moving Defendants filed an Answer to the Amended Complaint on January 3, 2018. (ECF No. 10.)

Thereafter, the Moving Defendants filed a motion seeking dismissal under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) In support of that motion, the Moving Defendants primarily argued that Nance's tort claims must be dismissed for his failure to comply with the notice requirement of the New Jersey Tort Claims Act ("NJTCA") and that Nance's constitutional claims were bared under *Heck v. Humphrey*, 512 U.S. 477 (1994). (Br. on Behalf of Defs., ECF No. 13-1, at 5–7.) On September 26, 2018, the Court denied the dismissal motion as procedurally defective, but noted that the Moving Defendants could raise the same arguments in a motion for summary judgment. (ECF Nos. 33 & 34.)

The Moving Defendants have now raised those arguments, as well as others, in a motion for summary judgment. (ECF No. 37.) Nance has opposed summary judgment.[1] (Mem. of Law on Behalf of Pl., ECF No. 40.)

---

[1] For the sake of clarity, the litigants' arguments regarding summary judgment are discussed in conjunction with the analysis below.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 56 permits a court to award a party summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if supported by evidence such that a reasonable jury could return a verdict in the non-movant's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251–52 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Kaucher v. County of Bucks*, 455 F.3d 418, 422–23 (3d Cir. 2006). A fact is material if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. *See Anderson*, 477 U.S. at 248; *Kaucher*, 455 F.3d at 423. In determining whether a genuine dispute of material fact exists, the Court must view the facts and all reasonable inferences drawn from those facts "in the light most favorable to the [non-movant]." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

A movant for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). While a defendant moving for summary judgment must support assertions by "citing to particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A), the movant is not required to "support its motion with affidavits or other similar materials *negating* the opponent's claim," *Celotex Corp.*, 477 U.S. at 323. Instead, "the burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. If the movant has shown an absence of material factual dispute, the non-movant then bears the burden to "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). Moreover, the non-movant may not rest upon the mere allegations or denials of the pleadings. *Id.* at 324;

*Maidenbaum v. Bally's Park Place, Inc.*, 870 F. Supp. 1254, 1258 (D.N.J. 1994), *aff'd* 67 F.3d 291 (3d Cir. 1995). The non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. A mere "scintilla of evidence . . . will be insufficient." *Anderson*, 477 U.S. at 252.

Local Civil Rule 56.1 requires that a motion seeking summary judgment include a statement of material facts not in dispute and that an opponent of summary judgment shall file "a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion." L. Civ. R. 56.1(a). The rule further provides that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." *Id.* Although a motion for summary judgment may not be granted by default, merely because it goes unopposed, *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990), the motion may be granted if the undisputed facts warrant judgment as a matter of law, *Miller v. Ashcroft*, 76 F. App'x 457, 462 (3d Cir. 2003); *Houston v. Township of Randolph*, 934 F. Supp. 2d 711, 723 (D.N.J. 2013), *aff'd* 559 F. App'x 139 (3d Cir. 2014).

## IV.  ANALYSIS

The Moving Defendants argue that Nance's constitutional claims are barred by *Heck*, that his tort claims are barred under the NJTCA as he failed to file a timely notice of tort claim, that his federal claims are barred under the Prison Litigation Reform Act of 1996 ("PLRA") as Nance failed to first exhaust available administrative remedies, that Nance cannot prove the elements of an Eighth Amendment excessive-force claim, and that compensatory damages are barred as Nance has not proven more than *de minimis* physical injury. (*See* Br. on Behalf of Defs.' Mot.

5

for Summary Judgment, ECF No. 37-1.) Two of these arguments, those concerning the notice-of-tort-claim requirement under the NJTCA and the exhaustion requirement under the PLRA, relate to required preconditions for bringing legal claims. Accordingly, I assess these two preliminary arguments first.

### A. Failure to File a Timely Notice of Tort Claim

The NJTCA bars tort claims against public entities or public employees if a timely notice of claim is not filed. *See* N.J. Stat. Ann. §§ 59:8-3 through -9; *Ben Elazar v. Macrietta Cleaners, Inc.*, 165 A.3d 758, 764 (N.J. 2017); *see also Lassoff v. New Jersey*, 414 F. Supp. 2d 483, 489–90 (D.N.J. 2006). It requires a plaintiff to file a notice of tort claim with the relevant public entity within 90 days of the underlying incident. N.J. Stat. Ann. § 59:8-8. A plaintiff who fails to timely file a notice of tort claim is "forever barred from recovering against a public entity or public employee." *Id.* Therefore, a federal court will dismiss a claim "if the claimant did not provide a notice of claim to the entity within ninety days of the 'accrual of a cause of action.'" *Lassoff*, 414 F. Supp. 2d at 489.

The Moving Defendants assert that Nance's claims accrued on October 13, 2016, and that he did not file any notice of tort claim within 90 days. (Defs.' Stmt. ¶¶ 34–37.) They contend that Nance filed a late notice of tort claim, which was rejected in February 2017 by the Tort and Contract Unit of the New Jersey Department of the Treasury as untimely. (*Id.* ¶¶ 37–38.) In support of this argument, the Moving Defendants have introduced Nance's response to requests for admission, in which he seemingly admits these points.[2] (Mot., Ex. B, ECF No. 37-7 ¶¶ 43–50.) The Moving Defendants also introduce a notice of tort claim, dated January 29, 2017,

---

[2] While Nance checked "DENY" as to a requested admission that he did not file a notice of claim with the department or agency involved within 90 days, he also checked "ADMIT" as to representations that he did not file a notice of claim on or before January 12, 2017 -- 90 days after the incident in question. (*See* ECF No. 37-7 ¶¶ 43–50.)

6

concerning the incident filed by Nance, as well as a letter from an investigator at the Tort and Contract Unit notifying Nance that his claim was untimely and advising him that he could seek permission to file a late claim from a judge of the New Jersey Superior Court. (Mot., Ex. G, ECF No. 37-12.) In his response to requests for admission, Nance admitted that he had not obtained court leave to file a late notice of claim. (ECF No. 37-7 ¶ 50.)

Nance does not dispute any of these facts in his opposition to the summary judgment motion. Indeed, Nance makes no argument whatsoever related to the Moving Defendants' contention that his tort claims are barred by his failure to file a timely notice of tort claim. (*See* ECF No. 40.) As Nance makes no response concerning these facts, which the Moving Defendants included in their Statement of Material Facts, with citation to the relevant exhibits, they are deemed undisputed under Local Civil Rule 56.1. *See* L. Civ. R. 56.1(a). Given that it is undisputed that Nance filed no timely notice of tort claim and that he did not receive court leave to file a late notice of tort claim, his tort claims against the Moving Defendants are dismissed with prejudice as time barred by the NJTCA. *See* N.J. Stat. Ann. §§ 59:8-3, -8.

**B. Failure to Exhaust Administrative Remedies**

The PLRA provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016); *Ball v. Famiglio*, 726 F.3d 448, 456 (3d Cir. 2013), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015). The exhaustion requirement is mandatory and, thus, bars an inmate from bringing such a claim without first properly exhausting available administrative remedies. *Ross*, 136 S. Ct. at 1856; *Woodford v. Ngo*, 548 U.S. 81, 85, 93–94 (2006). "[T]he PLRA's exhaustion

7

requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Coulston v. Glunt*, 665 F. App'x 128, 132 (3d Cir. 2016).

Failure to exhaust administrative remedies is an affirmative defense, which the defendant bears the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Mitchell v. Horn*, 318 F.3d 523, 529 (3d Cir. 2003). "Furthermore, the defendant must prove that the prisoner-plaintiff failed to exhaust *each* of his claims. There is no 'total exhaustion' rule permitting dismissal of an entire action because of one unexhausted claim." *Small v. Camden County*, 728 F.3d 265, 269 (3d Cir. 2013) (emphasis added); *see also Jones*, 549 U.S. at 219–24.

In their Statement of Material Facts, the Moving Defendants assert that, during discovery, Nance identified and produced eight remedy forms related to this incident, but that only one of these mentioned any of the defendants specifically and that none of them sought the sort of relief that Nance seeks in this action. (Defs.' Stmt. ¶¶ 31–33.) In support of this, the Moving Defendants have included as exhibits the eight remedy forms produced by Nance. (Mot., Ex. F, ECF No. 37-11.) As acknowledged by the Moving Defendants, one of these mentions the defendant officers by name and inquires as to the "status of [the] assault investigation that happened to me on 10-13-2016." (ECF No. 37-11 at 3.) Another form also inquires as to "the status of the investigation" regarding "an assault complaint that happened to me on 10-13-16." (ECF No. 37-11 at 5.) The remainder of the Remedy System Forms relate to either requests by Nance for further medical examination or relief related to the discipline imposed on Nance for the attempted-assault charge sustained against him. (*See* ECF No. 37-11.) Accordingly, the Moving Defendants argue that Nance's federal claims are barred by his failure to exhaust

8

administrative remedies.  (ECF No. 37-1 at 14–15.)  Nance's opposition brief included no response to the Moving Defendants' argument concerning his failure to exhaust administrative remedies.  (*See* ECF No. 40.)

Based upon these filings, there are outstanding questions of fact that preclude summary judgment on the basis of Nance's alleged failure to exhaust administrative remedies under the PLRA.  Specifically, there are unresolved factual questions as to what Nance was required to do to properly exhaust his administrative remedies and whether he met these requirements.  As the Court of Appeals for the Third Circuit has recently noted, "PLRA exhaustion turns on the remedies and grievance procedures that the particular prison has available."  *Rinaldi v. United States*, 904 F.3d 257, 272 (3d Cir. 2018).  It is clear from the evidence submitted by the Moving Defendants that Nance in fact *did* make inmate-remedy-system filings related to the underlying incident.  (*See* ECF No. 37-11.)  It remains unclear, however, whether these filings constituted adequate administrative grievances under the operative remedy system.  The Moving Defendants have provided the Court no evidence as to what administrative-remedy system was in place at NJSP at during late 2016 or what a prisoner was required to do to properly exhaust administrative remedies.  While the Court may, of course, refer to the administrative procedures contained in Title 10A, Chapter 1, Subchapter 4, of the New Jersey Administrative Code, *see* N.J. Admin. Code §§ 10A:1-4.1 through -4.9, it is not clear that the "JPay Inmate Inquiry Forms/Inmate Grievance Forms" employed by Nance even operate within those Administrative Code provisions.  Indeed, the Moving Defendants reference administrative grievance procedures contained within an inmate handbook, but they have not explained to the Court what these procedures may be.  It is impossible for the Court to assess the adequacy of Nance's efforts to exhaust his administrative remedies when it is deprived of the applicable metric.

While summary judgment is not presently warranted on the basis of a failure to exhaust administrative remedies, however, this does not end the Court's inquiry into this issue. Although the burden of raising and proving a failure to exhaust administrative remedies lies with the defendant, the PLRA still imposes a strict bar on bringing claims that are unexhausted. *See* 42 U.S.C. § 1997e(a). The Third Circuit has made clear that exhaustion is "a precondition to bringing suit under § 1983" and that it is "a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Small*, 728 F.3d at 269–70 (internal quotation marks and italics omitted). Exhaustion may be resolved by the Court even if factual questions are presented, as "judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury." *Small*, 728 F.3d at 271.

In *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018), the Third Circuit held that "some form of notice to the parties and an opportunity to respond are needed before a district court elects to resolve factual disputes regarding exhaustion." *Id.* at 211. It left the specific form of the notice to the discretion of the district courts, however, noting that a court need only, at minimum, "notify the parties that it will consider exhaustion in its role as a fact finder." *Id.* The *Paladino* Court noted that an "opportunity to respond" does not necessarily require full evidentiary hearing, but that parties must be permitted to "submit materials relevant to exhaustion that are not already before [the court]." *Id.*

Pursuant to *Paladino*, the parties are hereby notified that the Court intends to resolve the threshold questions related to administrative exhaustion in its role as a fact finder. As the burden rests on the defendants to prove a lack of exhaustion, the Moving Defendants are directed to submit a supplemental brief on this issue within 30 days accompanied with relevant certifications of fact and exhibits. The Moving Defendants' supplemental submission shall specifically

address and factually demonstrate (1) what requirements were in place for exhaustion of administrative remedies at NJSP during the relevant time period, including, if applicable, procedures for appeal of administrative grievances and (2) in what ways Nance's remedy filings allegedly fell short of these requirements. Nance will be permitted 30 days to file an opposition brief, including a factual certification and any relevant exhibits. The Moving Defendants may file any reply within 15 days. The Court will not convene an evidentiary hearing on this question unless it appears necessary to resolve outstanding questions after the litigants' briefs and evidence have been received.

Because a finding that Nance failed to exhaust his administrative remedies with respect to his federal claims would moot the need to reach the other grounds for summary judgment as to those claims raised by the Moving Defendants, the Court will defer ruling on the Moving Defendants' remaining arguments for summary judgment as to the federal claims at this time. Should the Court determine after receiving the litigants' supplemental submissions that Nance in fact exhausted his administrative remedies as to his federal claims, the Court will reinstate and decide the remaining portions of the Moving Defendants' summary judgment motion.

## V. CONCLUSION

For the foregoing reasons, summary judgment is granted to the Moving Defendants on Nance's state law tort claims, and those claims are dismissed with prejudice. As factual questions remain regarding the threshold issue of whether Nance exhausted his administrative remedies with regard to his federal claims, as required by the PLRA, summary judgment as to the federal claims is denied at this time, and the pending motion for summary judgment, (ECF No. 37), is terminated. The Court will act as a fact finder in resolving whether Nance properly exhausted his administrative remedies with regard to his federal claims, and the parties are

directed to make supplemental submissions as follows.  The Moving Defendants shall submit, within 30 days of the entry of this Order, a supplemental brief on the issue of administrative exhaustion accompanied by relevant certifications of fact and exhibits, which specifically address and factually demonstrate (1) what requirements were in place for exhaustion of administrative remedies at NJSP during the relevant time period, including, if applicable, procedures for appeal of administrative grievances and (2) in what ways Nance's remedy filings allegedly fell short of these requirements.  Nance may submit, within 30 days of the filing of the Moving Defendants' supplemental brief, an opposition brief accompanied by a factual certification and any relevant exhibits.  The Moving Defendants may file any reply within 15 days of the filing of Plaintiff's opposition brief.  An evidentiary hearing will not be set unless it appears necessary to resolve outstanding questions after the litigants' briefs and evidence have been received.  If the Court ultimately determines that Nance properly exhausted his administrative remedies as to his federal claims, the unresolved portions of the Moving Defendants' summary judgment motion will be reinstated.  An appropriate order follows.

DATED:  June 5, 2019 /s/ Freda L. Wolfson
FREDA L. WOLFSON
U.S. Chief District Judge